| | | | |
|---|---|---|---|
| AUSA: | Yara Hindelang | Telephone: | (313) 226-9100 |
| AO 91 (Rev. 11/11) Criminal Complaint | | | |
| Special Agent: | Kevin Rambus | Telephone: | (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.

Daivaughn Khalil ROBINSON

Case No.  Case: 2:24−mj−30350
Assigned To : Unassigned
Assign. Date : 8/16/2024
USA V. SEALED (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 11, 2024__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Kevin Rambus -ATF
_____
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __August 16, 2024__

_____
Judge's signature

City and state: __Detroit, Michigan__

Honorable Kimberly G. Altman, U.S. Magistrate Judge
_____
Printed name and title

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Special Agent Kevin Rambus, being duly sworn, do hereby state the following:

## I.    INTRODUCTION

1. I am a Special Agent, with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice and have been so employed since September of 2018. I am currently assigned to the Detroit Field Division. I completed twenty-six weeks of training, which was comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training on firearms identification, common scenarios involving firearms and narcotics trafficking, and identification and effects of controlled substances. Additionally, I received training on undercover investigations related to firearms and narcotics trafficking, which included investigative techniques and common subject behavior.

2. Prior to becoming a Special Agent with ATF, I was a Police Officer with Southfield Police Department and worked street investigations for two years. Before working for the Southfield Police

Department, I worked at the Detroit Police Department for eight years. There, I was a member of the Special Response Team where we conducted high risk search warrants, dealt with barricaded gunman situations, and instructed various trainings for the entire police department.

3. The statements contained in this affidavit are based, in part, on my review of written police reports by the Detroit Police Department. This affidavit also includes information provided to me by and/or through other law enforcement agents, investigators, and individuals with knowledge of this matter, my investigation, and the review of documents.

4. This affidavit does not include all the information known to law enforcement regarding this investigation. This affidavit only establishes probable cause that Daivaughn Khalil ROBINSON (B/M/DOB: XX/XX/1996) violated 18 U.S.C. §922(g)(1), felon in possession of a firearm.

## II. PROBABLE CAUSE

### A. ROBINSON Unlawfully Possessed a Ruger Revolver and Fled from Police

5. On July 11, 2024, at approximately 12:10 a.m., a Detroit Police Officer and two detectives were patrolling Gratiot Avenue in a fully marked scout car when the officer saw a person wearing all red, with a black and red skull hat, later identified as ROBINSON, standing in front of a liquor store on Gratiot Avenue.

6. The officer saw ROBINSON notice the presence of the police officers then immediately turn in the opposite direction from the scout car and begin speed walking towards a blue, 2010 Chevrolet Traverse. Law enforcement saw ROBINSON quickly enter the rear passenger side of the Traverse, which had been parked at the curb. The Traverse did not use a turn signal when pulling away from the curb, committing a traffic violation.

7. The officers began to initiate a traffic stop by positioning the marked police car behind the Traverse, activating the emergency lights, and signaling for the Traverse to pull-over. The Traverse then turned right onto Holcomb Avenue from Gratiot Avenue, facing northbound. As the vehicle was coming to a stop, but still moving, ROBINSON opened

3

the rear passenger door and began running away, clinging to the waistband of his pants.



8.      Officers ran after ROBINSON, pursuing him northbound through an alleyway and trying to maintain a visual on him. Although officers were able to see ROBINSON crossing over to McClellan Street and Gratiot Avenue, they ultimately lost sight of him.

9.      Meanwhile, one of the detectives had stayed behind with the other occupants of the Traverse while the foot pursuit ensued. As the detective was speaking to the driver and front-seat passenger of the Traverse, he illuminated the rear passenger seat area (where ROBINSON had been) with his flashlight. A small child was sitting

4

near the middle of the backseat, but the detective then saw a .357 caliber silver and woodgrain grip Ruger revolver, Model Security Six, that was inside of a black nylon Uncle Mikes holster. The detective recovered the Ruger firearm.



10. Law enforcement, including a Michigan State Police (MSP) canine unit, established a perimeter around the last known area where ROBINSON had been seen. Officers located ROBINSON and arrested him at the back of a residence on Cooper Street.

5

11. The detective checked ROBINSON's name in the Law Enforcement Information Network (LEIN) to ascertain whether ROBINSON had a Carrying Conceal Pistol License (CPL). ROBINSON did not have a valid CPL. ROBINSON was arrested for Carrying Concealed Weapon - Motor Vehicle (CCW-MV) and transported to the Detroit Detention Center (DDC) to be booked and process without further incident.

12. I conducted a firearm query via LEIN for the Ruger revolver. The LEIN results showed that the Ruger revolver was purchased in June 1995 and was reported stolen in February 2013.

13. I also gathered camera footage showing ROBINSON entering and exiting the door of the liquor store before the traffic stop and his flight from police. When entering the liquor store, ROBINSON can be seen with a holster with a clip (that matches the holster recovered from the Traverse) in his front waistband.



**B. ROBINSON's Criminal History and Analysis of the Seized Firearm**

14. A computerized criminal history check for ROBINSON shows that he was convicted in 2018 of carjacking and armed robbery, both felonies that are punishable by more than one year in prison.

15. Further, ROBINSON was previously incarcerated for more than a year. As such, ROBINSON knew that his crimes of conviction carried a penalty of more than one year in prison.

16. On August 2, 2024, I reviewed the history of the above firearm and made a preliminary determination that the firearm is a firearm as defined under 18 U.S.C. § 921, and that it was manufactured outside the state of Michigan and therefore had traveled through interstate and/or foreign commerce.

### III. CONCLUSION

17. Based on the above information, probable cause exists to believe Daivaughn Khalil ROBINSON, knowing that he was previously convicted of numerous felonies, was in possession of the above-described firearms, in violation of Title 18 U.S.C. § 922(g)(1).

Respectfully submitted

Kevin Rambus, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me and signed in my
presence and/or by reliable electronic means

HON. KIMBERLY G. ALTMAN
UNITED STATES MAGISTRATE JUDGE

Date: August 16, 2024

8